FILED
AT ALBUQUERQUE NM
JAN 27 1999
ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARMANDO RIBERO,

Plaintiff,

v.  No. CIV-98-0765 MV/DJS

CORRECTIONS DEPARTMENT,
ROB PERRY, Secretary of Corrections,
DON HOOVER, Classification Bureau Chief,
DAVID ARCHULETA, I.R.C. Chairperson,
RAY GONZALES, I.R.C. Member,
JAMES VANLOAN, Classification Caseworker,
DONNA MARTINEZ, Classification Supervisor,
TIM LeMASTER, Warden,
MANUEL ROMERO, Director of Adult Prisons,

Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's claims against certain Defendants will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action ... is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma*

*Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that, beginning in 1992, Defendants had kept Plaintiff segregated from the general prison population because of information that he was in danger of being attacked by other inmates. In 1996 Plaintiff was transferred to Central New Mexico Correctional facility where, apparently, he was placed in the general population. He was attacked and severely injured. Plaintiff asks for damages.

Plaintiff's claims against the Corrections Department will be dismissed. Claims against a state agency are equivalent to claims against the State itself, *Meade v. Grubbs*, 841 F.2d 1512, 1529 (10th Cir. 1988); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), and are barred by the Eleventh Amendment to the Constitution, which extends the sovereign immunity enjoyed by the States to actions in federal court. *See Griess v. Colorado*, 841 F.2d 1042, 1043-44 (10th Cir. 1988).

Plaintiff's claims against Defendants Perry, Gonzales, VanLoan, Martinez, LeMaster, and Romero will also be dismissed. Only Defendants Hoover and Archuleta are alleged to be responsible for making changes in prisoners' classifications. Plaintiff's complaint fails, therefore, affirmatively to link Defendants Perry, Gonzales, VanLoan, Martinez, LeMaster, and Romero to the alleged assault. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir.1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for

the actions of subordinates and co-workers. *Id.*

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant Corrections Department are DISMISSED without prejudice; Plaintiff's claims against Perry, Gonzales, VanLoan, Martinez, LeMaster, and Romero are DISMISSED with prejudice, and these Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to send summons, notice and waiver forms to Plaintiff for Defendants Hoover and Archuleta; any papers which Plaintiff files in response to this order must include the civil action number (CIV 98-0765 MV/DJS) of this case; and failure to return completed forms within thirty (30) days from the date of this order may result in dismissal of this action without further notice.

_____
UNITED STATES DISTRICT JUDGE